UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| ELIZABETH ANN REESE, | ) | CASE NO.: 1:19-cv-00043 |
|---|---|---|
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| SOUTHWEST GENERAL HEALTH CENTER, *et al.*, | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) ) | |

Currently pending before this Court is Defendant Southwest General Health Center's ("Southwest General") Motion for Judgment on the Pleadings requesting that this Court dismiss Plaintiff Elizabeth Ann Reese's ("Reese") Complaint as untimely. (Mot. for J. on the Pleadings 1-2, ECF No. 9.) Reese provided an untimely response to the Motion for Judgment on the Pleadings on July 16, 2019 in the form of a letter to this Court. (Mot. to Respond, ECF No. 14.) For the following reasons, Southwest General's Motion for Judgment on the Pleadings is hereby GRANTED and this matter is DISMISSED in its entirety, with prejudice.

**I.    STATEMENT OF FACTS**

On December 30, 2017, Reese filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Southwest General discriminated against her because of her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and retaliated against her for previously filing a claim of discrimination by terminating her employment on January 13, 2017. (Answer Ex. A, ECF No. 4-1.)[1]

---

[1] Reese failed to attach a copy of either her Charge of Discrimination or Notice of Right to Sue letter to her Complaint. Therefore, this Court will utilize and refer to the copies provided by Southwest General, attached as exhibits to its Answer. (*See* Answer Ex. A, ECF No. 4-1; Answer Ex. B, ECF No. 4-2.)

On August 31, 2018, the EEOC sent Reese a Dismissal and Notice of Rights letter ("EEOC Letter") in which it dismissed Reese's Charge of Discrimination, stating that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (Answer Ex. B, ECF No. 4-2.) The EEOC Letter also notified Reese of her right to sue – namely, that Reese could further pursue her claims against Southwest General by filing a lawsuit asserting her Title VII claims within ninety days of receiving the EEOC Letter. (*Id.* (stating, on the first page, that lawsuits for Title VII claims "**must be filed WITHIN 90 DAYS of your receipt of this notice**" and again, on the second page, reiterating that a lawsuit pursuing Title VII claims must be filed "**within 90 days of the date you *receive* this Notice**" – all emphasis in original).) Reese asserts that she received the EEOC Letter on September 4, 2018. (Compl. 5, ECF No. 1.)

On January 8, 2019, Reese filed her Complaint in this Court against Southwest General and Defendant Tristan Harker ("Harker") alleging employment discrimination under Title VII. (*Id.* at 1-3.)[2] In her Complaint, Reese, very generally, alleges that she experienced "unequal terms and conditions of [her] employment" and "discriminatory treatment" because of her gender for twenty-seven years while employed at Southwest General. (*Id.* at 4-5.) Reese, in very broad strokes, asserts that her termination from Southwest General was because of her gender and was also done in retaliation against her. (*Id.*)

After answering Reese's Complaint, Southwest General filed a Motion for Judgment on the Pleadings requesting that this Court dismiss the Complaint as untimely. (Mot. for J. on the Pleadings 1-2, ECF No. 9.) This Court instructed Reese to respond to the Motion for Judgment on

---

[2] Pursuant to the Federal Rules of Civil Procedure, Reese was required to perfect service upon each defendant within 90 days of filing her Complaint. *See* Fed. R. Civ. P. 4(e)-(m). With respect to Harker, this Court does not have any information that service was even attempted. To date, according to the docket for this matter, service upon Harker has not been perfected and Reese has not properly requested additional time to perfect service upon Harker.

the Pleadings no later than July 1, 2019. (Order, ECF No. 12.) Reese failed to properly respond to the Motion for Judgment on the Pleadings by July 1, 2019, and instead, on July 16, 2019, Reese filed a brief letter to this Court in which she alleged that she timely provided her Complaint to the Court, but originally failed to include the filing fee, which resulted in the delinquent filing of her Complaint. (Mot. to Respond, ECF No. 14.) No evidentiary support for this contention was attached to Reese's letter or otherwise provided to this Court. (*Id.*)

## II. LAW AND ARGUMENT

### A. Standard of Review – Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion brought pursuant to Fed. R. Civ. P. 12(c) is reviewed under the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)). Therefore, a motion for judgment on the pleadings "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)) (internal quotation marks omitted).When reviewing a motion for judgment on the pleadings, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Winget*, 510 F.3d at 581 (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)) (internal quotation marks omitted).

Finally, although Federal Rule of Civil Procedure 10(c) allows for the attachment of exhibits to pleadings, the rule is permissive and "a plaintiff is under no obligation to attach to [her] complaint documents upon which [her] action is based." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). *See also* Fed. R. Civ. P. 10(c). However, when a plaintiff fails to attach pertinent documents to her complaint, a defendant may introduce the documents, otherwise a plaintiff with a legally deficient claim could survive a motion brought pursuant to Fed. R. Civ. P. 12(c) by failing to attach a dispositive document. *Weiner*, 108 F.3d at 89.

**B. Discussion**

Southwest General argues in its Motion for Judgment on the Pleadings that Reese's Title VII gender discrimination and retaliation claims should be dismissed as they are untimely. It is well established that a party must file a civil action within ninety days after receiving the EEOC Letter explaining a party's right to sue, or the party is barred from bringing the lawsuit. 42 U.S.C. § 2000e-5(f)(1). The ninety-day statutory limit is strictly enforced by the federal courts, even with *pro se* litigants. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). This is because procedural requirements, such as this ninety-day filing deadline, "established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Balwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Therefore, "dismissal of a complaint filed after ninety days of receiving the EEOC right-to-sue letter is appropriate even where a plaintiff proceeds *pro se* because the plaintiff still has 'a responsibility to meet the requirements of the law.'" *Williams v. Steak 'N Shake*, No. 5:11CV833, 2011 U.S. Dist. LEXIS 91769, at *5 (N.D. Ohio Aug. 17, 2011) (quoting *Lomax v. Sears, Roebuck & Co.*, No. 99-6589, 2000 U.S. App. LEXIS 33884, at *16 (6th Cir. Dec. 19, 2000)).

There is no dispute in this matter that Reese received her EEOC Letter explaining her rights to sue on September 4, 2018 as Reese herself asserts that this is the date she received the EEOC Letter in her Complaint – although this date cannot be verified, the EEOC Letter properly provided by Southwest General indicates it was issued August 31, 2018 making Reese's receipt date of September 4, 2018 reasonable. *See Graham-Humphreys*, 209 F.3d at 557 (explaining that the ninety-day filing deadline countdown begins, at most, five days after the EEOC Letter is issued as there is a rebuttable presumption that actual delivery and receipt of the letter occurs within five days of issuance). Therefore, pursuant to the statutory requirements, Reese was required to file her Complaint on or before December 3, 2018. Reese did not file her Complaint until January 8, 2019, well past the ninety-day deadline.

In her delinquent filing in response to Southwest General's Motion for Judgment on the Pleadings, Reese attempts to provide an excuse that she originally provided her Complaint timely, but without the filing fee – a mistake which, according to Reese, this Court apparently brought to Reese's attention and she rectified resulting in the January 8, 2019 filing date. However, this Court does not find this argument credible. Reese attaches no evidentiary support for this argument – no copy of any communication from this Court, no copy of an envelope with return information and associated dates, nothing dated that would indicate an event such as Reese alleges occurred – and there is no indication on any of the documents filed before this Court that it actually received any documentation from Reese prior to January 8, 2019. Because there is no genuine issue of material fact regarding the date Reese received her EEOC Letter and the date she actually filed her Complaint, even when viewing the entirety of the pleadings in Reese's favor, this matter must be dismissed, as Reese's Complaint was untimely pursuant to the statutory requirements. Therefore, Southwest General is entitled to judgment as a matter of law.

**III.   CONCLUSION**

Because Reese filed her Complaint outside of the ninety-day statutory limit for filing Title VII claims after dismissal by the EEOC, Southwest General's Motion for Judgment on the Pleadings is hereby GRANTED and this matter is DISMISSED in its entirety, with prejudice.

IT IS SO ORDERED.

DATE: February 27, 2020                     /s/ John R. Adams
                                            Judge John R. Adams
                                            UNITED STATES DISTRICT COURT